Large *v.* Ditmars.

## LARGE *vs.* DITMARS.

An injunction, issued on bill for account by a member of a dissolved firm against his late co-partner, restraining the latter from collecting partnership money or intermeddling with the partnership concerns, continued until the hearing; the defendant not denying the statements of the bill, that he refuses to account, and it appearing, from written statements made by him and set out in the bill, that he has no interest in the assets, and the claims of his answer as to capital contributed by him, not being substantiated by those statements.

Bill for relief. Motion to dissolve injunction on bill and answer.

*Mr. A. A. Clark,* for motion.

*Mr. J. N. Voorhees, contra.*

THE CHANCELLOR.

The bill is filed by one of the partners of the late firm of Large and Ditmars against the other, for an account of the partnership transactions, and for an injunction and other relief in aid of the complainant, who, by the bill, claims that the defendant is indebted to him in a large amount in respect of their partnership dealings and affairs. On the filing of the bill, an injunction was granted restraining the defendant from collecting any partnership moneys or intermeddling with the partnership concerns until the further order of this court. The defendant now moves to dissolve the injunction on his answer. The parties entered into co-partnership in the retail lumber business, at White House station, in Hunterdon county, in April, 1865, pursuant to a verbal agreement between them, under which they continued in business together until the 10th of January, 1876, when the co-partnership was dissolved by mutual consent. By the agreement, Ditmars was to furnish so much capital as he might find it convenient to furnish, and Large was to furnish the rest. The former was personally to attend to and conduct the business for the firm, and the latter was to provide, free of rent, premises for a lumber yard, and to contribute $200 a year, to be applied by Ditmars in paying for labor. It appears that in the beginning, Large contributed $6063.86 of capital, while Ditmars, according to his own statement, contributed $1875 at that time, and $3000 subsequently. The books were kept by Ditmars, and there appears to have been no balance sheets made, but from time to time statements were made, showing the condition of the concern, its transactions (personally), the profits, the assets, and the respective interests of the partners. They appear to have been made as of February 1st, 1867, 1868, 1869, 1871, 1872, and 1874, and March 1st, 1875, and to have been accepted by both parties as correct. The last statement (March 1st, 1875,) showed $29,899 due to Large, and nothing to Ditmars, and a deficiency of over $8000 in the assets to pay the amount due to the former. The statement of 1874 showed a deficiency of $4000 in the assets to

pay the amount then due to Large from the concern, and Ditmars then promised to contribute money to make up the deficiency. He did not do so, and although the next year's business showed a net profit of $1842.91, the deficiency, as before stated, increased to over $8000. Ditmars having failed to make up the deficiency, the co-partnership was dissolved, as before stated, on the 10th of January, 1876, and Ditmars then assigned to Large, to be credited on the firm's debt to the latter, his interest in all the lumber in the yard, and in the claims on book account for lumber purchased after December 1st, 1875, and sold by the firm. Ditmars subsequently refused to deliver up to Large certain assets of the concern in his hands and the books of account, and while denying the correctness of the statements before mentioned, on the ground that the principle on which they were made was erroneous, refused to come to an account with Large, and on Large's saying that if he would not come to an account with him, he would be compelled to have recourse to this court, Ditmars replied that "that, perhaps, would be the best." Large then filed his bill of complaint. Ditmars, by his answer, repudiates the statements, on the ground that they give to Large interest upon interest on his capital, and not only give him interest on his profits, but interest on that interest also. According to the bill, the co-partnership agreement provided that the firm should pay interest, to be charged in the expense account, on capital furnished by either of the partners. The answer states that the agreement was that interest should be allowed and paid by the firm on the final settlement, upon the capital which each member should contribute. The statements show that, in fact, interest was calculated and allowed to both parties, from time to time, both on capital and profits, and that interest was allowed upon such interest also. While Ditmars had capital in the concern, interest was allowed to him on interest thereon, and interest was allowed to him on the profits left by him in the concern. It appears by the statements that Large left both the interest on his capital contributed in the beginning (which interest

was, according to the partnership agreement, as stated in the bill, to go to the expense account,) and all his profits and the interest thereon, in the concern, for the benefit of the business; and the statements would seem to be some evidence, at least, of an agreement between the partners, that the interest and the profits due Large should be left in the concern as additional capital contributed by him, and that they should bear interest accordingly, according to the partnership agreement. The statements, it may be remarked, show, also, the capital contributed by each partner, and they do not show the contribution to the capital by the defendant, of the $3000 claimed in the answer to have been furnished by him. The defendant's refusal to account is not denied. The co-partnership has been dissolved. The statements show that the defendant has no interest in the assets. As the case stands, the injunction ought not to be dissolved.